IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK SOBERICK,<br>　　　Plaintiff, | : | No. 3:04cv1738 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF LANSFORD, CHIEF | : | |
| JAMES STRAUSS, MAYOR GEORGE | : | |
| KRAJNAK, POLICE OFFICER | : | |
| JEREMY SOMMERS, ROBERT | : | |
| GAUGHAN, RICHARD GIANTESANO, | : | |
| CHARLES REPINEC, MARGARET | : | |
| HOROWSKI, and JOSEPH NIHEN, | : | |
| 　　　Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

Before the court is defendants' joint motion to dismiss plaintiff's complaint with prejudice for failure to comply with discovery requests (Doc. 74). Defendants argue that plaintiff has repeatedly failed to comply with discovery requests, failed to arrange a date for his deposition and ignored court orders compelling him to answer discovery requests. They contend that the passage of time since plaintiff filed his complaint in September 2004, combined with the fact that the events that gave rise to the complaint occurred in 2001, have prejudiced their defense.

We will not grant the defendants' motion at this point, because we note that our last order in the case, issued December 17, 2007, appeared to have the intended effect of convincing the plaintiff to actually participate in discovery. We

recognize, however, that the behavior of plaintiff–and in particular plaintiff's attorney–in this case has fallen abysmally short of any reasonable standard. Nevertheless, in the interest of giving plaintiff an opportunity to present his claims to the court–the ultimate goal of any litigation–we will give him one final opportunity to develop those claims. We insist, however, that plaintiff amend this behavior and participate fully and meaningfully in discovery. With this order we are establishing sanctions that will apply if plaintiff fails to meet his discovery obligations. If these sanctions do not have their desired effect of convincing plaintiff to cooperate with the defendants in discovery, we will find plaintiff's conduct irredeemable and dismiss the case.

Accordingly, **AND NOW**, to wit, this 30th day of January 2008, it is hereby **ORDERED** that:

1) the defendants' motion to dismiss (Doc. 74) is hereby **DENIED**;

2) the parties shall meet within five (5) days of the date of this order to schedule depositions for all persons to be deposed in this case;

   Failure to schedule such a meeting will lead the court to dismiss the case with prejudice for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b);

3) the parties shall file a status report with this court indicating the date and time of this meeting and the identities of the persons scheduled to attend;

4) the parties shall at that meeting provide any outstanding written discovery

material;

    a) failure to comply with this order will lead the court to dismiss the case with prejudice for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b); and

    b) all the opposing party's costs in the action will be taxed to the offending party if the court imposes this sanction;

5) the parties shall at that meeting establish fixed dates and times for any pending examinations;

    a) failure of a witness to attend the deposition as scheduled will result in any testimony from that witness being stricken from the record in this matter and that witness being precluded from testifying at any trial on this matter. All costs of the examination will be charged to the party that sought the deposition;

    b) approval to change the date of any of these scheduled depositions must be obtained in writing from this court at least five days in advance of the scheduled deposition. Failure to observe these procedures will lead the court to impose costs on the offending party. A second instance of such violation will lead the court to dismiss the case with prejudice and tax the costs of the entire action to the offending party;

6) the parties shall provide the court with their agreed-upon schedule for depositions within seven (7) days of the date of this order;

Failure to comply with this portion of the order will result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b);

7) discovery in this matter shall close on March 3, 2008. Plaintiff's expert reports are due March 3, 2008. Dispositive motions are due March 24, 2008. Defendants' expert reports are due April 3, 2008; and

8) no extensions to the time limits set in this order will be granted. The plaintiff should consider this order a final attempt to coerce him into participating meaningfully in discovery. We are very sympathetic to defendants' complaints about plaintiff's and plaintiff's attorney's egregious behavior in this matter. We find that all delays in this case can be charged to the plaintiff and are offensive to the court. No further such disrespect will be tolerated. The case will therefore be dismissed with prejudice if the plaintiff causes any more delays, and all of defendants' costs in the matter will be taxed to the plaintiff.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court